IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRON LARON COOKS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 114-091 (Formerly CR 112-254) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

**O R D E R**

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, commenced the above-captioned case pursuant to 28 U.S.C. § 2255. On April 25, 2014, the Court conducted an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts and recommended dismissal of the case. In particular, the Court determined that Petitioner's sole claim for re-sentencing was based on a rule announced in Alleyne v. United States, 133 S. Ct. 2151 (2013), a case that does not apply retroactively on collateral appeal. (See doc. no. 3, p. 3 (collecting cases); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014).) Moreover, the Court determined that even if Alleyne did apply retroactively on collateral review, it did not apply to the factual circumstances of Petitioner's sentencing. (See doc. no. 3, pp. 3-4.)

The docket reflects that the Report and Recommendation was mailed to Petitioner at FCI Edgefield, and when no objections were filed, United States District Judge J. Randal Hall adopted this Court's recommendation as the opinion of the Court on May 23, 2014. (Doc. no. 5.)

Judgment was entered the same day. (Doc. no. 6.) However, Petitioner then filed a motion to reopen the case, stating he was never served with the Report and Recommendation and requesting renewed service and an opportunity to object. (Doc. no. 7.) Judge Hall granted Petitioner request, vacated the May 23rd judgment, and allowed Petitioner twenty-one days to file his objections. (Doc. no. 8.)

In lieu of objections, Petitioner filed a motion to voluntarily dismiss his § 2255 motion. (Doc. no. 9.) Petitioner may voluntarily dismiss his motion pursuant to Fed. R. Civ. P. 41(a)(1) because the Court never directed a response from the government, and Respondent has not filed an answer or motion for summary judgment in this case.[1] This Court and other courts have approved the practice of dismissing § 2255 actions without prejudice. See, e.g., McGee v. United States, CV 111-192, doc. no. 10 (S.D. Ga. Aug. 17, 2012); Bouttry v. United States, CV 112-032, 2012 WL 2153961, at *1 (S.D. Ga. June 13, 2012); see also Weeks v. United States, 382 F. App'x 845, 850 (11th Cir. 2010) (noting dismissal of § 2255 motion without prejudice); United States v. Venson, 295 F. Supp.2d 630, 633-34 (E.D. Va. 2003) (dismissing § 2255 motion without prejudice). Therefore, the Court finds that it is appropriate to dismiss the case pursuant to Petitioner's motion. However, Petitioner should note that, while a subsequent § 2255 motion will not be barred purely by virtue of the dismissal of this action, any future petition for a writ of habeas corpus and/or § 2255 motion that he files will be subject to all statutory provisions applicable to such actions, including those enacted under the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. §§ 2244 & 2255.

---

[1] Under Rule 12 of the Rules Governing Section 2255 Cases, "[t]he Federal Rules of Civil Procedure . . . , to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

Accordingly, the Court **GRANTS** Petitioner's motion to dismiss, (doc. no. 9), **DISMISSES** this case without prejudice, **DIRECTS** the **CLERK** to **TERMINATE** all pending motions and deadlines, and **CLOSES** this case.

SO ORDERED this 2nd day of October, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA